IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID FREUDENBERGER,

        Plaintiff,

    v.

CITIMORTGAGE, INC., DIVERSIFIED CAPITAL FUNDING, INC., BAYVIEW LOAN SERVICING LLC, MORTGAGE ELECTRONIC SYSTEMS, INC., MERSCORP, INC., CR TITLE SERVICES, INC., and DOES 1 to 100, inclusive,

        Defendants.

2:10-cv-00627-GEB-DAD

ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER[*]

Late Wednesday afternoon on March 17, 2010, Plaintiff David Freudenberger filed a motion for a temporary restraining order ("TRO"). Plaintiff seeks in his TRO motion to enjoin a trustee's sale of property located at 9240 Granite Bay Court, Granite Bay, California 95746, scheduled for March 18, 2010 at 10:00 a.m.

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

## I. Legal Standard

"Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." Pimentel v. Deutsche Bank Nat. Trust Co., 2009 WL 3398789, at *1 (S.D. Cal. 2009). Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of [injunctive] relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Winter v. Natural Resources Defense Council, Inc., -- U.S. --, 129 S.Ct. 365, 374 (2008)).

## II. Analysis

**A. Irreparable Harm**

Plaintiff argues he will suffer irreparable harm if he loses his home in the foreclosure sale. (Mot. 13:3-4.) Plaintiff alleges in his complaint that he took out a "high risk" $1,995,000.00 loan to refinance his home and that he can not afford to make monthly payments on that loan. (Compl. ¶ 17.) Plaintiff avers he made his last payment on the loan in March 2009. (Freudenberger Decl. ¶ 10.) Plaintiff also avers that since making his last loan payment, he has met with a financial counseling company which advised him that he "could not possibly afford the current mortgage payment." (Id. ¶ 13.) Plaintiff avers he made failed attempts to "work out a loan modification." (Id.)

"[W]hether a particular foreclosure constitutes irreparable harm turns in part on the reasons for foreclosure." Mandrigues v. World Savings, Inc., 2009 WL 160213, at *3 (N.D. Cal. 2009). Here, the record suggests Plaintiff took out a loan beyond his financial means and that he has not made a payment on his loan for almost a

year; the resulting harm of which does not entitle him to injunctive relief. See Alcaraz v. Wachovia Mortg. FSB, 2009 WL 30297, at *4 (E.D. Cal. 2009) (denying motion for preliminary injunction because while the "loss of a home is a serious injury[,] . . . . the record suggests that Ms. Alcaraz sought a loan beyond her financial means and expectation of job loss[,] . . . [and the] resulting harm does not alone entitle her to injunctive relief"). Even though Plaintifff's loss of his home may yet constitute an irreparable injury, Plaintiff has failed to adequately explain why he has delayed in seeking a TRO, that he has a probable chance of success on the merits, that the balance of equities tips in his favor, or that public interests favors the TRO he seeks.

       Plaintiff has not provided facts shedding light on why Plaintiff waited until less than twenty four hours before the foreclosure proceeding to file his TRO motion. Plaintiff avers that he received Notice of Sale "on or about February 25, 2010." (Id. ¶ 11.) However, Plaintiff offers no explanation why he did not seek relief weeks ago, thus permitting Defendants to file a response to Plaintiff's TRO motion. "It is self-evident that a trustee's sale could not have been scheduled without notice or without a host of preliminary legal processes involving Plaintiff['s] . . . non-payment of [his] mortgage." Carnero v. EMC Mortg. Corp., 2009 WL 3619316, at *1 (N.D. Cal. 2009). Under Local Rule 231(b), "[s]hould the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground." E.D. Cal. R. 231(b).

An injunction is an equitable remedy, and as such, it is not favored when the record indicates Plaintiff unduly delayed in seeking injunctive relief.

**B. Likelihood of Success on the Merits**

Plaintiff has not shown he is likely to succeed on the merits of his claims. Plaintiff argues that "Defendant MERS was not authorized to conduct business in California [and therefore] the appointment of Defendant CRT [as trustee] was void . . . and CRT is not duly authorized to proceed with [the] trustee's sale." (Mot. 9:14-16.) However, "MERS is not required to obtain a certificate of qualification from the Secretary of State because it does not transact intrastate business within the meaning of the statute." Pok v. American Home Mortg. Servicing, Inc., 2010 WL 476674, at *1 n.1 (E.D. Cal. 2010). Further, Plaintiff has not demonstrated how CRT's status as trustee affects Plaintiff's ability to rescind the loan. Therefore, Plaintiff has not established a likelihood of success on this claim.

Plaintiff also argues he is entitled to a TRO since "Defendants are not the beneficiary, owner or holder in due course of the Promissory Note [and therefore] they do not have standing or the legal authority to foreclose upon the Deed of Trust securing payment." (Mot. 10:14-16.) However, "[u]nder California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure." Casteneda v. Saxon Mortg. Services, Inc., --- F.Supp.2d ----, 2009 WL 4640673, at *7 (E.D. Cal. 2009) (compiling cases). Therefore, Plaintiff has not established a likelihood of success on this claim.

Plaintiff also argues he has rescinded the loan under the

4

Truth in Lending Act, 16 U.S.C.§ 1535(b) ("TILA"), and thus "the mortgage is voided by operation of law." (Mot. 11:13-18.) Plaintiff argues he did not receive the statutorily required notices of his right to cancel his loan, and he "served Defendants with their rescission notice on March 3, 2010." (Id.)

> Unless the lender acquiesces in the rescission, the rescission is not automatic. If rescission were automatic, 'a borrower could get out from under a secured loan simply by *claiming* TILA violations, whether or not the lender had actually committed any' . . . . [Plaintiff does] not assert, nor could [he] given the pending sale, that [Defendants] acquiesced in the rescission. Furthermore, [Plaintiff does] not specify whether [he] offered to repay the loan amount or [is] able to make such an offer. Accordingly, the record before the court does not show that [Plaintiff is] capable of performing [his] own rescission obligations.

Gerth v. American Mortg. Exp. Fin., at *1 (S.D. Cal. 2009) (quoting Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003) (emphasis in original)). Therefore, Plaintiff has not established a likelihood of success on the merits of his TILA claim.

**C. Public Interest**

Plaintiff argues the public interest favors granting his request for a TRO since "if the Plaintiff's property is foreclosed upon and left vacant – it will likely fall into disrepair and decline in value." (Mot. 13:19-21.) However, Plaintiff has not made a payment on his loan since March 2009 and has received financial advice that he can "not possibly afford the current mortgage payment." (Freudenberger Decl. ¶ 13.) Plaintiff has not demonstrated that allowing him to remain in his home without making payments on his loan is in the public interest.

**D. Balance of Equities**

Finally, Plaintiff argues the balance of equities weigh in

his favor since "Defendants suffer nothing by preserving the status quo." (Mot. 13:16-18.) However, Plaintiff's conclusory assertion that Defendants will suffer no harm from an order postponing the foreclosure sale is insufficient to establish that the balance of equities weigh in favor of granting the TRO.

**III. Conclusion**

Since Plaintiff has failed to demonstrate that ex parte relief is justified under the present circumstances, that he has a likelihood of success on the merits of his claims, that the public interest favors granting his motion, or that the equities tip in his favor, Plaintiff's motion is **DENIED**.

Dated: March 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge